# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed October 16, 1894.

### LAWRENCE HAHN

VS.

### THE BALTIMORE, SOUTH BALTIMORE & CURTIS BAY RAILWAY COMPANY.

*Joseph S. Heuisler* and *James J. McNamara* for plaintiff.

*Miller & Bonsal* for defendant.

PHELPS, J.—

These special interrogatories were produced by the defendant's counsel, and were read, at the time of the production of the prayers, or immediately thereafter, and before they were argued, and before they were passed upon. The Court asked the learned counsel for the plaintiff (Mr. McNamara), whether he had any objection to make to them, and, if so, to state it. The learned counsel, after examining the interrogatories with some care, said he had no objection to make—the prayers, at that time, having been, I believe, passed upon—and, thereupon, the argument of the case before the jury was begun. The plaintiff's counsel, in opening, had occupied nearly the whole

time to which he was entitled, under the rules of Court, in his address to the jury, yielding the balance of his time to his senior; thereupon, one of the learned counsel for the defendant, in opening, consumed the remainder of the time until the adjournment. This morning, at the convening of the Court, and before the defendant's counsel resumed his unfinished argument before the jury, the plaintiff's counsel (Mr. McNamara), comes in with exceptions to one of the interrogatories filed on behalf of the defendant, which he asks leave to file, and also produces a list of interrogatories on behalf of the plaintiff, which he now wants to have submitted to the jury. Objection is made, on the ground that the exceptions come too late, and that the interrogatories come too late. That is the first question that is to be met.

It seems, from the authorities that have been referred to, that, in other States where a similar law to this is in operation, a question like this is addressed to the discretion of the Court.

An appeal has been made to the Court, as a reason why indulgence should be accorded in this instance, that this is a new law, and this is the first case, in this Court, in which it has been invoked.

Gentlemen, this is quite an important matter, and, looking to the expedition of business, bears very vitally and materially upon the important factor of time. It is very easy to perceive that, if unlimited opportunity were afforded counsel for the production of interrogatories, and exceptions to interrogatories, amendments to interrogatories, and amendments to exceptions, all through the time of the arguments before the jury, there would be an immense consumption of time, and that counsel, instead of being braced up to an exercise of diligence, would be invited and encouraged to relax their diligence in a reasonably thorough preparation of their cases.

This is a new law, but it has been for several months upon the statute book; and, no law affecting the practice in the Courts of law in this city, has, since the time of its enactment, attracted more attention, or been the subject of more comment among the profession. It is an exceptional Act—an Act working a very material and striking change in what has heretofore been the practice in these Courts.

Looking at it in that point of view, I cannot see anything in the reason that the law being a new law it therefore justifies indulgence upon the idea of surprise.

In damage cases, and especially in damage cases against corporations the knowledge of that law being upon the statute book, and that it will be brought to its practical consequences, must, of necessity, be presumed, and, in their preliminary work, counsel are to be held responsible for a reasonable amount of preparation under it. I don't think there is anything in the idea there has been any surprise worked because this is the first case under the Act.

The result is, as I look at the matter, gentlemen, having in view the interests of suitors generally, and the convenience of members of the bar generally, outside of those engaged in this particular case, looking to the general effect upon the practice and business of the Court, it would be a very unfortunate precedent to set to allow the introduction of interrogatories or exceptions after the arguments upon the law had been concluded, the prayers passed upon and arguments before the jury begun.

(At this point in the Court's opinion the attorneys for plaintiff withdrew their interrogatories and their exceptions to those of the defendant.)